### BELL ET AL. *v.* HOBAUGH.

MORTGAGE.—*Foreclosure against Widow, Heirs and Administrator.—Answer.* *—Action pending between Widow and Administrator.—Injunction.*—In an action by the mortgagee, against the widow, heirs and administrator of the deceased mortgagor, for foreclosure of a mortgage on real estate, and for judgment on promissory notes secured thereby, it is no defence to answer that the widow had not joined in the mortgage, that she had not received the five hundred dollars due her as widow, that the deceased left no personal property, that he had left other real estate, encumbered by a mortgage to another for purchase-money, that the widow had paid off one-third thereof, that the administrator, as such, had sold two-thirds thereof to pay debts, and that an action was pending, by the widow, against the administrator, for the payment of her five hundred dollars out of the proceeds of the sale of such real estate.

SAME.—*Rights of Mortgagee.*—The mortgagee is not bound to proceed against the estate of his deceased mortgagor, before proceeding upon his mortgage.

From the Grant Circuit Court.

*G. T. B. Carr* and *G. W. Harvey,* for appellants.

*A. Steele* and *R. T. St. John,* for appellee.

BIDDLE, J.—Complaint by the appellee, who is the mortgagee, against the appellants, who are the heirs and widow and administrator of the mortgagor, deceased, upon two promissory notes, one not due at the time the suit was commenced, and to foreclose the mortgage. The sufficiency of the complaint was not questioned. The widow and heirs answered jointly as to themselves, but separately from the administrator: 1, by general denial; and 2, as follows:

That the mortgage was given by Napoleon B. Martin, at the time of its date, for money borrowed of the plaintiff; that said Catharine Martin was, at the time of giving the mortgage, and at the time said Napoleon died, the wife of said Napoleon, but did not join in the mortgage; that said Napoleon died, leaving the widow and heirs, as averred in the complaint; that said widow is entitled to one-third of said premises in fee; that the children and heirs of the

said Napoleon have no interest in said lands mortgaged, except whatever may be their distributive share, after said Catharine has received her interest of five hundred dollars in the estate; that the deceased left no personal property, but died seized of certain other land not mortgaged to the plaintiff, which is described; that said last mentioned real estate was mortgaged by the decedent and said Catharine to William H. Hix, for the payment of nine hundred dollars of the purchase-money; that William H. Hix sold and assigned the mortgage to Oliver P. Hix; that, at the death of the decedent, there was due, on said mortgage, four hundred and seventy-six dollars, one-third of which said Catharine has paid to said Oliver P. Hix, and has had the mortgage released as to said one-third; that said decedent left debts amounting to ———— dollars; that the administrator petitioned to sell two-thirds of said tract, which petition was granted, and the same sold for one thousand dollars, and that the widow sold her said one-third in the same, which said sale was in all things confirmed; that the said Catharine holds a lien on said one thousand dollars, subject only to the payment of the funeral expenses, and the expenses of administration; that she has commenced an action against the administrator to compel him to pay to her five hundred dollars, the further prosecution of which will cause unnecessary expense; that said defendants ask the court to enjoin the plaintiff in this action from further prosecuting this suit, and that he be required to proceed against the administrator, and that the court may decree to the plaintiff whatever may remain in the hands of said administrator after paying the said Catharine five hundred dollars, and said funeral expenses, and expenses of administration and the balance on said mortgage to said Hix, and other proper relief.

The administrator answered,

1. By a general denial; and,

2. Substantially the same facts as those set up in the answer of the other defendants above stated.

Separate demurrers, for the alleged want of facts, were sustained to both of the above second paragraphs.

The defendants then withdrew their paragraphs in general denial, and stood by their pleadings; whereupon the court rendered judgment upon demurrer against the adult defendants, and proceeded to hear evidence and try the case against the minor defendants, and rendered a final decree.

No exception was taken to the decree, and the evidence is not in the record. The only questions before us, therefore, arise upon the second paragraph of answer jointly pleaded by the widow and heirs, and the second paragraph pleaded by the administrator, both of which being substantially the same, there is practically but one question before us.

We can not see any thing in the above paragraphs to which demurrers were sustained, that can bar a mortgagee. He had no concern with a subsequent mortgage to another person on other lands; and a suit between the widow and administrator can not be pleaded either in bar or suspension of an action by a mortgagee; nor do we see how a sale of other lands by an administrator can possibly affect the rights of a prior mortgagee; nor do the facts stated show a valid counter-claim, nor any ground for relief by injunction; nor is the mortgagee bound to proceed against the administrator before he sues upon his mortgage.

The judgment is affirmed, at the costs of the appellants.

Opinion filed at November Term, 1878.
Petition for a rehearing overruled at May Term, 1879.